RECEIVED
USDC CL... ...BIA, SC

RCVD USDC-DHBS SC
2025 SEP 17 PM 1:02

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF SOUTH CAROLINA

_John Anthony Michael Williams_

_(Write the full name of each plaintiff who is filing this complaint. If the names of all the plaintiffs cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)_

-against-

_Jeffrey Cox; J. Neely; A Duclos_
_Spartenburg county detention center_

_(Write the full name of each defendant who is being sued. If the names of all the defendants cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names. Do not include addresses here.)_

**Complaint for Violation of Civil Rights**
(Prisoner Complaint)

Case No. _9:25-cv-12572-DCC-MHC_
_(to be filled in by the Clerk's Office)_

Jury Trial:    ☑ Yes    ☐ No
_(check one)_

---

### NOTICE

Federal Rules of Civil Procedure 5.2 addresses the privacy and security concerns resulting from public access to electronic court files. Under this rule, papers filed with the court should *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number.

Except as noted in this form, plaintiff need not send exhibits, affidavits, grievance or witness statements, or any other materials to the Clerk's Office with this complaint.

When submitted for filing, your complaint should be accompanied by the full filing fee or an application to proceed in *forma pauperis*.

1

## I.    The Parties to This Complaint

### A.    The Plaintiff(s)

Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

Name    *John Anthony Michael Williams*

All other names by which you have been known:

ID Number    *540*
Current Institution    *Spartanburg County Detention Center*
Address    *950 California AVE*
    *Spartanburg SC 29303*

### B.    The Defendant(s)

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. Make sure that the defendant(s) listed below are identical to those contained in the above caption. For an individual defendant, include the person's job or title (if known) and check whether you are bringing this complaint against them in their individual capacity or official capacity, or both. Attach additional pages if needed.

Defendant No. 1
    Name    *Jeffrey Cox*
    Job or Title    *Sheriff Deputy/disciplinary deputy/PREA investigator/*
    (if known)    *SLED investigator*
    Shield Number
    Employer    *Spartanburg County Detention Center & SC SLED*
    Address    *950 California AVE*
    *Spartanburg, SC 29303*

    ☑ Individual capacity    ☑ Official capacity

Defendant No. 2
    Name    *A. Duclos*

2

Job or Title
(if known)                _Sheriff Deputy / PREA investigator_

Shield Number

Employer                  _Spartanburg County Detention Center_
Address                   _950 California AVE_
                          _spartanburg, SC 29303_

☐ Individual capacity     ☑ Official capacity

Defendant No. 3

Name                      _J. Neely_

Job or Title
(if known)

Shield Number

Employer                  _Spartanburg County Detention Center_
Address                   _950 California AVE_
                          _Spartanburg, SC 29303_

☑ Individual capacity     ☑ Official capacity

Defendant No. 4

Name                      _Spartanburg County Detention center_

Job or Title
(if known)                _Holding detention center / Jail_

Shield Number

Employer
Address                   _950 California AVE_
                          _Spartanburg, SC 29303_

☑ Individual capacity     ☑ Official capacity

## II.    Basis for Jurisdiction

Under 42 U.S.C. § 1983, you may sue state or local officials for the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." Under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), you may sue federal officials for the violation of certain constitutional rights.

3

A.      Are you bringing suit against *(check all that apply)*:

☐      Federal officials (a *Bivens* claim)

☑      State or local officials (a § 1983 claim)

B.      Section 1983 allows claims alleging the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." 42 U.S.C. § 1983. If you are suing under section 1983, what federal constitutional or statutory right(s) do you claim is/are being violated by state or local officials?

Violation of PREA Act of 2003; Denying me PREA interviews, violation of 1, 8th, 14th amendment; Negligents; Failure to de provide adequent security Personnel, Denial of medical; Neglect and Mole pratice Breaking government policy (PREA)

C.      Plaintiffs suing under *Bivens* may only recover for the violation of certain constitutional rights. If you are suing under *Bivens*, what constitutional right(s) do you claim is/are being violated by federal officials?

_____

_____

_____

D.      Section 1983 allows defendants to be found liable only when they have acted "under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia." 42 U.S.C. § 1983. If you are suing under section 1983, explain how each defendant acted under color of state or local law. If you are suing under *Bivens*, explain how each defendant acted under color of federal law. Attach additional pages if needed.

Deputy J. Cox acted as a sheriff Deputy, PREA investigator; SLED investigater, Disiplnary Deputy; A. Duclos acted as a Sheiff Deputy, PREA investigator; J. Neely acted as a Nurse Med tech; See Attach Sheet

## III.   Prisoner Status

Indicate whether you are a prisoner or other confined person as follows *(check all that apply)*:

☑      Pretrial detainee

☐      Civilly committed detainee

☐      Immigration detainee

4

Spartanburg County Detention acted under color by being a holding facility for pre trail detanees and prisoners and being employed by State, local government and Fedral government by detention Center reciveing Fedral Funding.

☐    Convicted and sentenced state prisoner

☐    Convicted and sentenced federal prisoner

☐    Other *(explain)* _____

## IV.  Statement of Claim

State as briefly as possible the facts of your case. Describe how each defendant was personally involved in the alleged wrongful action, along with the dates and locations of all relevant events. You may wish to include further details such as the names of other persons involved in the events giving rise to your claims. Do not cite any cases or statutes. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

A.    If the events giving rise to your claim arose outside an institution, describe where and when they arose.

_____

_____

_____

B.    If the events giving rise to your claim arose in an institution, describe where and when they arose.

at spartanburg county detention center in Pods 6, 3, 4, 5

C.    What date and approximate time did the events giving rise to your claim(s) occur?

Oct 6-2024; Sep 27-2024; Aug 27-2024; Jun 27 2024; Jun 15-2024; Jun 15-2024; May 30-2024; May 30-2024; Apr 20-2024; Apr 14, 2024; Jun 10, 2024; Jun 14, 2024; May 15, 2024

D.    What are the facts underlying your claim(s)? *(For example: What happened to you? Who did what? Was anyone else involved? Who else saw what happened?)*

d. cur denied me a PREA investigations ad interviews Disiplinary hearing, and never interviewed me on the murder of my cellmate; A Wendes denied me PREA

5

investigation, interview's and directly denied me medical
Treatment and screening and Spartanburg county Detention
Center failed to investigate and or take administrative
steps, faile to take steps on unconstitutional risk of sexual
assault, failure to provid security personnel.

**V.    Injuries**

If you sustained injuries related to the events alleged above, describe your injuries and state
what medical treatment, if any, you required and did or did not receive.

Injuries to my groing area, butt area, mouth, tounge,
and Mental and emotion injury.

**VI.    Relief**

State briefly what you want the court to do for you. Make no legal arguments. Do not cite any
cases or statutes.  If requesting money damages, include the amounts of any actual damages
and/or punitive damages claimed for the acts alleged.  Explain the basis for these claims.

**VII.    Exhaustion of Administrative Remedies Administrative Procedures**

The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), requires that "[n]o action
shall be brought with respect to prison conditions under section 1983 of this title, or any other
Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such
administrative remedies as are available are exhausted."

Administrative remedies are also known as grievance procedures.  Your case may be
dismissed if you have not exhausted your administrative remedies.

6

A.  Did your claim(s) arise while you were confined in a jail, prison, or other correctional facility?

☑  Yes

☐  No

If yes, name the jail, prison, or other correctional facility where you were confined at the time of the events giving rise to your claim(s).

_Spartanburg County detention Center_

B.  Does the jail, prison, or other correctional facility where your claim(s) arose have a grievance procedure?

☑  Yes

☐  No

☐  Do not know

C.  Does the grievance procedure at the jail, prison, or other correctional facility where your claim(s) arose cover some or all of your claims?

☑  Yes

☐  No

☐  Do not know

If yes, which claim(s)?

_We have a Kiosk with a PREA grievance_
_system and a PREA number to call disiplinary hearing_
_System, which cuvers PREA's, grievances_

D.  Did you file a grievance in the jail, prison, or other correctional facility where your claim(s) arose concerning the facts relating to this complaint?

☑  Yes

☐  No

7

If no, did you file a grievance about the events described in this complaint at any other jail, prison, or other correctional facility?

☐     Yes

☐     No

E.     If you did file a grievance:

1.     Where did you file the grievance?

I file out a PREA grievance/incuchent report on the PREA system at Spartenburg county detention Center

2.     What did you claim in your grievance?

I file a PREA grievance on my PREA's I Filed a appeal on my displinary charge; and I filed a grievance on Cox diagapm the murder investigation and Denio me a PREA interview for all my PREA's.

3.     What was the result, if any?

I was denied PREA interview and investigation for PREA's; I was denied a displinary reheary on my displiny charges; and denied interview on the murder investigation of my cellmate

4.     What steps, if any, did you take to appeal that decision?  Is the grievance process completed?  If not, explain why not.  (Describe all efforts to appeal to the highest level of the grievance process.)

I wrote grievances to cpts; majors, Warden; UW marshal, SLED, and Atturnal affairs; Attorney General.

F.    If you did not file a grievance:

1.    If there are any reasons why you did not file a grievance, state them here:

_____
_____
_____
_____

2.    If you did not file a grievance but you did inform officials of your claim, state who you informed, when and how, and their response, if any:

_____
_____
_____
_____

G.    Please set forth any additional information that is relevant to the exhaustion of your administrative remedies.

*I was denied All 13 PREA interviews according to PREA policy PREA investigator has 24 hrs to see you and medical has 24 hrs to see you. I was denied it. See attached sheet*

*(Note: You may attach as exhibits to this complaint any documents related to the exhaustion of your administrative remedies.)*

## VIII.  Previous Lawsuits

The "three strikes rule" bars a prisoner from bringing a civil action or an appeal in federal court without paying the filing fee if that prisoner has "on three or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

To the best of your knowledge, have you had a case dismissed based on this "three strikes rule"?

☐    Yes

☒    No

9

Attachment from pg 9

I was placed on lock up and denied a disciplinary hearing by Deputy Cox on a disciplinary charge; and Deputy Cox placed me in lock up under murder investigation of my cellmate but never interviewed me, Deputy Cox had surveillance of the murders and the cause of death but placed me in lock up under investigation and drop the investigation due to under cover SLED agent and state informant being the murder and Deputys involvement in murder and the cover up of the murder, he also cover up all my PRSA incidents,

If so, state which court dismissed your case, when this occurred, and attach a copy of the order if possible.

_____

_____

A.    Have you filed other lawsuits in state or federal court dealing with the same facts involved in this action?

    ☐    Yes

    ☑    No

B.    If your answer to A is yes, describe each lawsuit by answering questions 1 through 7 below. *(If there is more than one lawsuit, describe the additional lawsuits on another page, using the same format.)*

    1.    Parties to the previous lawsuit

        Plaintiff(s)   _____

        Defendant(s)  _____

    2.    Court *(if federal court, name the district; if state court, name the county and State)*

        _____

    3.    Docket or index number

        _____

    4.    Name of Judge assigned to your case

        _____

    5.    Approximate date of filing lawsuit

        _____

    6.    Is the case still pending?

        ☐    Yes

        ☐    No

        If no, give the approximate date of disposition. _____

7.  What was the result of the case? *(For example: Was the case dismissed? Was judgment entered in your favor? Was the case appealed?)*

_____

_____

C.  Have you filed other lawsuits in state or federal court otherwise relating to the conditions of your imprisonment?

☑  Yes

☐  No

D.  If your answer to C is yes, describe each lawsuit by answering questions 1 through 7 below. *(If there is more than one lawsuit, describe the additional lawsuits on another page, using the same format.)*

1.  Parties to the previous lawsuit

Plaintiff(s)  *John Williams*

Defendant(s)  *Wright*

2.  Court *(if federal court, name the district; if state court, name the county and State)*

*Charleston, SC*

3.  Docket or index number

*9-23-04663*

4.  Name of Judge assigned to your case

*Molly H. Cherry*

5.  Approximate date of filing lawsuit

_____

6.  Is the case still pending?

☑  Yes

☐  No

11

If no, give the approximate date of disposition. *pending*

7.  What was the result of the case? *(For example: Was the case dismissed? Was judgment entered in your favor? Was the case appealed?)*

    *pending*

## IX.   Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A.   For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case-related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing: *9-2-*, 20 *25*

Signature of Plaintiff       *John Williams*
Printed Name of Plaintiff    *John Anthony Michael Williams*
Prison Identification #       *540*
Prison Address               *950 California AVE*
                             *Spartanburg*        *SC*        *29303*
                             City                 State       Zip Code

### B.   For Attorneys

Date of signing: _____, 20__.

Signature of Attorney        _____
Printed Name of Attorney     _____
Bar Number                   _____
Name of Law Firm             _____

UNITED STATES DISTRICT COURT
District of South Carolina

John Anthony Michael Williams )
            Plaintiff, )
                        )
        v                )        Complaint and
                        )    STATEMENT OF FACTS
J.Cox; A.Duclos; J.Nealy; )
Spartanburg County detention )
center; )
                        )
        Defendants )
                        )

This is a 1983 action filed by Plaintiff John Anthony Michael Williams, Pro-se, Pretrail detainee at Spartanburg county detention Center in spartanburg, SC, stating violation of his consititutional rights, human rights, violation of PREA and violation of Jail policy. Plaintiff seeks puntive and compensatory damages, money damges of 4,200,000 million total from all defendants for 1st, 8th, 14th amendments, Denial of PREA policy Act; Negligents; failure to provd adequate security Personnel, Denial of medical; Negligents & male pratice and violating government policy, Denial of PREA interview and investagation, false disciplinary charges, unlawful disciplinary proceedings; Denial of disciplinary hearing, unlawful disciplinary charges convictions; Deprived of basic humane needs"

            Background
Plaintiff is a Pretrial detainee at spartanburg county detention Center awaiting trial on state charges.

## Parties

Pg 1

1) Plaintiff John Anthony Michael Williams at all times relevant was confined by spartanburg county detention center.

2) Defendant Deputy Jeffrey Cox at all times relevant was a Sheriff Deputy; SLED investigator; PREA investigator; and a Disciplinary Deputy. At spartanburg county detention center.

3) Deputy A. Duclos at all times relevant was a, sheriff Deputy, and PREA investigator at Spartanburg county detention center

4) (malleah) J. Neely at all times relevant was a med tech at spartanburg county detention center

5) Spartanburg county detention center at all times relevant was a holding facility for county of spartanburg, state of South Carolina, local and federal government.

## Statement of Facts

It is a fact that on dates. Oct 6, 2024 (#1052-869776). I was denied a PREA interview and investigation I wrote a PREA report on the inmates Kiosk and Deputy replied back (recivied it) but never interviewed me nor did an investigation. On Sep 27, 2024 I wrote a PREA report (#1052-86777) Deputy J. cox replied back (recivied it) but never interviewed me nor did an investigation. Denied me a PREA interview and PREA investigation. On Aug 27 I wrote a PREA report on the inmates kiosk (1052-359721) and Deputy A. Duclos' replied back (this is not how a 1.step up.demie works) but never interviewed me nor did a investigation. Denying me a PREA interview and investigation, on Jun 27, 2024 I wrote a PREA report on inmates Kiosk and Deputy J. Cox replied (recivied it) but never interviewing me nor

Pg 2

did a investigation, Denieing me PREA interview and investigation on Jun 15, 2024 I wrote a PREA report (1052-839494) on Kiosk Deputy J. Cox replied back ("I can not be held responsible for another person saying I spoke to you and no one is covering up anything.") but never interviewing me nor did a investigation, Denieing me PREA interview and investigation. On Jun 15, 2024 I wrote a PREA report (1052-839493) on inmate Kiosk and Deputy J. Cox replied back (reviewed it) but never interviewing me nor did a investigation, Denieing me PREA interview and investigation. On May 30, 2024 I wrote a PREA report (1052-835559) on inmate Kiosk and Deputy J. Cox replied (recivial it) but never interviewed me nor did a investigation, Denieing me PREA interview and investigation on May 30, 2024 I wrote a PREA report on inmate Kiosk (1052-835412) and J. Neely med tech replied (Resolved) and by R. Dudes replied (recivied) but J. Neely never saw me, interviewed me, nor did R. Dudes interview me nor did a investigation, Denieing me Medical treatment and Denieing me PREA interview and investigation on May 30 2024 I wrote a PREA report on inmate Kiosk (1052-835559) and Deputy J. Cox replied (recieved it) but never interviewed me nor did a investigation, Denieing me PREA interview and investigation on Apr 30 I wrote a PREA report (1052-825152) on inmate Kiosk and Deputy R. Dudes replied back (recievied it) but never interview me nor did a investigation, Denieing me PREA interview and investigation. On April 14 I wrote a PREA report (1052-823634) on inmate Kiosk and Deputy R. Duclos replied (Investigator Cox has spoken to you) but

pg 3

investagater Cox never spoke to me nor did he interview me nor did he investagtion. Deputy A. Duclos never interview me nor did a investsgation. Both Denieing me PREA interview and investagtion. On Jun 10, 2024 I wrote a PREA report (1052-752804) on inmate Kiosk and Deputy A. Duclos replied (A. Duclos) but never interview me nor did a investsgation. Denieing me PREA investagtion and interview. On Jun 10, 2024 I wrote a PREA report on inmate Kiosk (1052-752603) and Deputy A. Duclos replied (A. Duclos) but never interview me nor did a investagtion. Denieing me PREA investsgation and interview. On May 15 I wrote a PREA report on inmate Kiosk (1052-718080) and Deputy J. Cox replied (recived it) but never interview me nor did a investagation. Denieing me PREA investagtion and interview. On 5-08-25 I had a incident with Depty S. Scalf, Depty S. Scalf stata she didn't want to pik it this a discipinary matter due to her involement and saying things she should not have said, but on 5-12-25 I was still sent to discipinary and given a hearing by Deputy banny and Deputy J. Cox. Deputy J. Cox found me guilty and sanctian me to 15 days lock up where I was deprived of my humane basic needs (mattress taken for 9 days, shoes taken for 3 days, clothes taken for 15 days, Altica meels taken for 15 days, Making it fals disciplinary charges, unlawful disciplinary proceeding, and unlawful conviction. Then on 6-18-25 Deputy J. Cox denied me a disiplinary hearing and sanction me in my absents to 45 days where I was deprived of my humane basic needs (mattress was taken for 27 days, Shoes taken for 9 days with a injuied foot, clothes taken 45 days, Altica Meals for 45 days, Denied legal work and access to courts for 45 days

pg4

Denied proper medical treatment.

### Argument

All defendants acted intentionally or purposefully to deprive the plaintiff of his rights, All defendants acted in reckless disregard of or with callous indifference to Plantiff's right, and All defendents carried out unlawful activites with unnecessary harshness, and abused there official powers and took **unfair** achantege of the plantiff. All Defendants violated PREA Act of 2003 by not interviewing me within 96hrs. and never investigating any of my PREA's. PREA provides for information gathering, studies, reports, and grants to State and local governments. it also calls for the U.S. Attorney General to promulgate national standards for the detection, prevention, reduction, and punishment of prison rapes. Prison officials who do not take action with respect to sexual assaults they are informed of, or patterns of sexual assault that they know about, can be found deliberately indifferent. See Skinner v. Uphoff, 234 F.supp.2d 1208, 1215-16 (D.Wyp.2002) Failure to investigate assaults and a code of silence about staff misconduct that contributes to assault constituted deliberate indifference); Butler v. Dowd 979 F.2d at 673 (failure to investigate or prosecute rapes, failure to train staff or warn inmates of danger) Vosburg v. Solem, 845, F.2d 763, 767(8th Cir.1988) failure to develop policies to protect inmates in high-risk areas; failure to discipline a prosecute assailants Matzker v. Herr, supervisory authority or direction to remedy Known violence problem). LaMarca v. Turner 662 F.supp 647.663-64 (S.D.Fla

pg 5

1987) (no system for investigating rapes), Johnson v. Johnson, 385 F.3d 503, 526-27 (5th cir. 2004) of rivals informed of repeated rapes of plaintiff, took no action stated 8th amendment claim. Young v. Quinlan, 960 F.2d 351, 363 (3d cir. 1992) prison officials should, at a minimum, investigate each allegation of threat). Prison officials may be held liable if the fail to act on a **specific** warning of danger to a particular prisoner; Redmond v. Baxley, 475 F. supp. 1111, 1120-21 (E.D. Mich. 1979) (inadequate response to known pattern of rape) ; Stevens v. County of Dutchess, 445 F. supp. 89, 93 (S.D.N.Y. 1977) lack of action in response to pattern of violence. Ruiz v. Estelle, 37 F. Supp. 2d 855, 929 (S.D. Tex. 1999) citing a system that fails accurately to report sexual assaults. Middle or higher level supervisors who make policies, or fail to make or to enforce policies, or fail to act on risk they know about resulting in you being assaulted though referring the matter for further investigation or taking similar administrative steps rather than immediately intervening personally may be a reasonable discharge of their duty to protect the inmate in their care. City or county government itself may be liable if your assault results from a government policy also the Constitution requires prison and jail officials to provide reasonable safety for prisoners. They must protect them from assault by other inmates, and from unreasonable hazardous living conditions or must refrain from subjecting them to the unnecessary and excessive use of force, and Jackson v. U.S. 577 F. Supp 13.77, 1379 (E.D. Mo 1985) failure to render proper emergency care. And in Farmer v. Brennan, 511 U.S. at 828-834, 117, 114 S. Ct. 1970 (1994)

p.6/

accord, Coka v. Babbitt, 862 F.2d 646, 651 (7th Cir. 1988) the Constitution is violated where defendents know of the danger, yet defendants fail to embrace a policy or take other reasonable steps which may have prevented the harms.

## Relief

Deputy Jeffery Cox 700,000 punitive damages and 600,000 compensatory damages 1st, 8th, 14 amendment violation; Negligents; Denial of PREA interview and investigation, Violation PREA Act; violation Jail policy on PREA; false disciplinary hearing; unlawful disciplinary charges; unlawful disciplinary conviction; denial of disciplinary hearing; deprived of basic humane needs; (conditions of confinement) violating government policy, violation of my humane rights. emotional and mental injury.

Deputy A. Duclos, 300,000 punitive and 300,000 compensatory damages for violation 1st, 8th, 14 amendment violations; Negligents; Denial of PREA interview and investigation, Violation of PREA Act; violation of Jail policy on PREA; violating government policy, violation of my humane rights, emotional and mental injury.

J. Neely, 100,000 punitive and 100,000 compensatory damages for failing to perform appropriate diagnostic test; failure to render proper emergency care; Negligents and Male pratice. emotional and mental injurys.

Spartanburg County Detention Center, 1.3 million punitive and 800 compensatory for 1st, 8th, 14th amendment violation; Negligents; Denial of PREA interview and investigation, Violation PREA Act;

22

violation of Jail poilcy on PREA; false disciplinary hearing; Unlawful disciplinary charges; unlawful disciplinary conviction; denial of disciplinary hearing; Deprived of basic humane Needs; (conditon of confindment. Violating government poliey. violation of my humane rights. emotional and mental injury.

For the reasons above I'm asking courts to grant me relife and also the Spartenburg county detention center are chargeing inmates 25$ to sign affidavits and Notarize any legal documents and if you are indigent they Refuse to sign. Requirements of a affidavit & certificate of merit may not apply when the Plaintiff claim is one that is supported by commensense or common Knowledge.

Sep 3, 2025

Respeathull submitted,
John W Mims